# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES-GENERAL

| | |
|---|---|
| Case No.  CV 12-10389-CAS (PLA) | Date February 12, 2013 |

**Title: Donte Moreland v. F. Foulk, Warden**

---

| | |
|---|---|
| | ☐ U.S. DISTRICT JUDGE |
| **PRESENT:  THE HONORABLE    PAUL L. ABRAMS** | ☒ MAGISTRATE JUDGE |

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| NONE | NONE |

**PROCEEDINGS:      (IN CHAMBERS)**

On December 10, 2012, and January 10, 2013, the Court dismissed petitioner's original Petition and First Amended Petition, respectively, with leave to amend because neither pleading set forth any clear ground for relief, or indicated what grounds, if any, have been exhausted in state court.

On February 8, 2013, petitioner filed a Second Amended Petition ("SAP"). In the SAP, petitioner raises four grounds for relief, the third of which he indicates is unexhausted. (See SAP at 5-6). Petitioner also states in the SAP that he currently has a habeas petition pending, but does not indicate if it is pending in state or federal court. In the space on the form for petitioner to provide additional information concerning this pending petition, petitioner states: "attached." (See SAP at 8). The attachment to the SAP consists of two handwritten pages containing arguments relating to one or more of petitioner's grounds for relief raised in the SAP, but does not reflect when and in connection with what proceeding petitioner previously filed the attachment.

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845. He must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available. See Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). The inclusion of unexhausted claims in a habeas petition renders it "mixed" and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Here, petitioner represents that Ground Three in the SAP is unexhausted because it has not been raised before and determined by the California Supreme Court. (See SAP at 6). Accordingly, the Second Amended Petition

is subject to dismissal as a "mixed" petition -- that is, a petition containing both exhausted and unexhausted claims.  As such, petitioner has four options in this action:

**Option 1:**  Petitioner may request a voluntary dismissal of his entire action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  However, petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, which states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  **In order to proceed under Option 1, petitioner may use the attached Notice of Dismissal form and select the option dismissing this action in its entirety.  He must also sign the form.**

**Option 2:**  Petitioner may request a voluntary dismissal of his unexhausted claim and elect to proceed only on his exhausted claims.  However, Petitioner is advised that if he elects to proceed with his exhausted claims, any future habeas petition containing his unexhausted claim, or other claims which could have been raised in the instant Petition, may be rejected as successive.  **In order to proceed under Option 2, petitioner may use the attached Notice of Dismissal form to select the option dismissing only certain claims, must specify which ground(s) for relief in the SAP he seeks to dismiss, and must sign the form.**

**Option 3:**  Pursuant to Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Court is empowered to stay the claims in a "mixed" petition while petitioner returns to the state courts to exhaust his already pled, but unexhausted, claims.  See Rhines, 544 U.S. at 277-78.  To obtain a stay pursuant to Rhines, petitioner must show that: (1) he has good cause for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that he intentionally engaged in dilatory litigation tactics.  Id. at 278.  **In order to proceed under Option 3, petitioner must file a declaration, signed under penalty of perjury, selecting a stay pursuant to Rhines, and also: (1) inform the Court whether he is currently exhausting Ground Three through a pending state habeas petition and, if so, provide the Court with a complete copy of that petition, and (2) show good cause for not having already exhausted his unexhausted claims, that the claims are not plainly meritless, and that he has not intentionally engaged in dilatory litigation tactics.**

**Option 4:**  Pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by* Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), petitioner would have to dismiss his unexhausted claim, after which the Court would be empowered to stay his remaining fully exhausted claims while he returned to the state courts to exhaust his dismissed claim.  See Kelly, 315 F.3d at 1070-71.  Petitioner is warned, however, that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely ... [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009).  Additionally, petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition.  Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).  **In order to proceed under Option 4, petitioner must: (1) file a declaration, signed under penalty of perjury, selecting a stay pursuant to Kelly, and (2) use the attached Notice of Dismissal form to select the option dismissing only certain claims, must specify which ground(s) for relief in the SAP he seeks to dismiss, and must sign the form.**

Accordingly, **no later than February 26, 2013**, petitioner is **ordered** to show cause why the SAP should not be dismissed as a "mixed" petition.  Filing by petitioner, on or before **February 26, 2013**, of a notice of dismissal **or** declaration, using one of the four options detailed above, shall be deemed compliance with this Order to Show Cause.

**Petitioner is advised that his failure to timely file a response to this Order, as set forth herein, will result in a recommendation that this action be dismissed as a "mixed" petition, and for failure to prosecute and follow Court orders**.


cc:     Donte Moreland, Pro Se


Initials of Deputy Clerk_____ch